## HORTON *v.* MISSO.

(Division B. May 5, 1930. Suggestion of Error Overruled June 2, 1930.)

[128 So. 103. No. 28682.]

**Dorroh & Strong**, of Macon, for appellant.

**E. H. Britton**, of Macon, for appellee.

Argued orally by **Chas. Strong** and **I. L. Dorroh**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

The entire farm here in question had been for several years occupied by appellee as the tenant of the owner, when on August 5, 1924, the owner conveyed to appellee, by a deed duly executed, a small strip of land out of the west side of said farm. Appellee failed to put his deed of record, but continued to use and occupy all the land, the entire farm, including the strip conveyed to him, as he had theretofore done. That is to say, there was no visible change in the character of his occupancy so as to show that his possession and occupancy of the land, subsequent to his said deed, was as owner of the strip and as tenant of the remainder of the land. Later, and while appellee yet remained in possession as aforesaid, the said owner sold and conveyed the whole of the land to appellant, a bona-fide purchaser, one without notice—un-

less the possession then held by appellee' was a sufficient notice in respect to the strip first conveyed; and thus is presented the only question to be dealt with in the case. Appellant made no inquiry of appellee, the vendee in possession.

Whatever may have been the view taken in the earlier cases in this state, we think the opinion in Frye v. Rose, 120 Miss. 778, 83 So. 179, 180, has presently settled this question in favor of the vendee in possession. It will be observed in that case that the court in banc approved and adopted the view maintained by Mr. Pomeroy "that the possession of a tenant is not only notice of all rights and interests connected with the tenancy, but is also notice of all interests acquired by collateral and even subsequent agreements; . . . that a possession originally acquired by one right or in one manner is notice of all other rights subsequently and differently obtained and held by the occupant. . . . The possession of a third person is said to put a purchaser upon inquiry, and he is charged with notice of all that he might have learned by a due and reasonable inquiry. Clearly a purchaser who is thus put upon inquiry is bound to inquire of the occupant with respect to every ground, source, and right of his possession; anything short of this would clearly fail to be the 'due and reasonable inquiry.' "

We have re-examined the question and are satisfied that the expressions and approved quotations in the cited opinion not only are sound in law, but are in better accord with a sound public policy than are the "refined distinctions upon the amount of notice derived from the occupant's original right to the possession," which are found in some of the old cases. In this day and time of absolute equality of opportunity under the law, and of steady material progress in every important phase of human effort, there is more of truth than ever before in the stated maxim that he who continues to occupy the land, and diligently works it, will eventually own it. There is no longer any such a practical presumption as that once a tenant, always a tenant, which perhaps may

have been indulged with more reason in far former days. We hold therefore that when a tenant has entered into possession only as a tenant and under his lease alone, and he afterwards purchases the land or a part thereof, his continued possession is notice to a subsequent purchaser of his rights as vendee, as well as of those belonging to him as lessee. 2 Pom. Eq. Jur. (4 Ed.), section 616 and notes.

We must in this case call attention to Rules 1 and 2 of the supreme court, which in an important respect have been disregarded in making up this record. More than one-half the evidence consists of depositions. The rules provide that "the several answers of witnesses as made in depositions shall each follow consecutively the particular interrogatory to which they are responsive." The purpose and necessity for this rule, in respect to bound volumes, wherein the pages or parts are not detachable, are too obvious to require comment. In this record none of the answers follow the interrogatory. The rules provide that "no clerk shall be allowed any fees whatever . . . for . . . any record made up in violation of these rules." The clerk of this court is hereby directed to enforce this rule in this case, and in all future cases when the transcript presents this burden-

Affirmed.